FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 27, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM B.,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>    Defendant. | No. 2:19-CV-00261-JTR<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 17. Attorney Rosemary Schurman represents William B. (Plaintiff); Special Assistant United States Attorney Jacob Peter Phillips represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on September 15, 2017, alleging disability since January 23, 2008,[1] due to schizophrenia and bipolar disorder. Tr. 72. The application was denied initially and upon reconsideration. Tr. 96-99, 103-05. Administrative Law Judge (ALJ) Moira Ausems held a hearing on March 27, 2019, Tr. 30-70, and issued an unfavorable decision on April 23, 2019, Tr. 15-24. Plaintiff requested review of the ALJ's decision from the Appeals Council. Tr. 169, 254-59. The Appeals Council denied the request for review on June 12, 2019. Tr. 1-6. The ALJ's April 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 26, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1984 and was 33 years old as of the filing of his application. Tr. 23. He had a traumatic childhood, including being abused by his alcoholic mother and the death of his brother. Tr. 265, 291, 364. Plaintiff spent time living with his grandparents, in foster care, and in juvenile detention. Tr. 266, 291, 364. He dropped out of school and completed his GED. Tr. 266, 292, 364. In 2009 his infant daughter died from SIDS. Tr. 265, 291, 389. He has a minimal work history, with no job lasting longer than a few months. Tr. 266, 292, 365. He has been incarcerated or homeless for much of his adult life, living in the woods in order to stay away from other people. Tr. 41, 53, 227, 332, 334, 356, 441, 544.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

---

[1] Plaintiff later amended his alleged onset date to the date of filing of his application. Tr. 33.

1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to

other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On April 23, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-24.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: bipolar disorder, antisocial personality disorder, attention deficit hyperactivity disorder, post-traumatic stress disorder, and history of polysubstance abuse disorder in full sustained remission with the exception of cannabis use disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform work at all exertional levels, but he was limited to work that:

> does not require the performance of more than simple routine tasks or tasks that have high quotas or fast-paced production requirements, and that do not involve more than occasional brief superficial interaction with the general public or require more than infrequent adaptation to unforeseen changes.

Tr. 20.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 23.

At step five, the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in

significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of housekeeping cleaner, cafeteria attendant, and dining room attendant. Tr. 23. The ALJ alternatively found that, even if Plaintiff were further limited to work with no public contact, there would still be jobs that he could perform, including cannery worker and price marker. Tr. 23-24.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 24.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly assessing the medical opinions; and (2) making RFC findings and step five findings that are contrary to law and fact.

**DISCUSSION**

**1.    Medical opinion evidence**

Plaintiff contends the ALJ erred by improperly assessing the medical opinions. Specifically, he asserts the ALJ erred in rejecting consistent opinions from multiple providers which were supported by the record as a whole. ECF No. 13 at 5.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from

treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920a(b). The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*[2]

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other

---

[2] The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician. ECF No. 13 at 6-7; ECF No. 17 at 2-9. The Court finds resolution of this question unnecessary to the disposition of this case.

medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c).

    a. Dr. Islam-Zwart

Plaintiff attended a consultative psychological exam with Dr. Kayleen Islam-Zwart for the Department of Social and Health Services, in August 2017. Tr. 260-68. Dr. Islam-Zwart diagnosed Plaintiff with antisocial personality disorder, ADHD, PTSD, unspecified bipolar disorder, and marijuana use disorder. Tr. 261. She opined Plaintiff had marked limitations in handling detailed instructions, performing within a schedule, maintaining regular attendance, being punctual, communicating and performing effectively, maintaining appropriate behavior, and completing a normal workweek. Tr. 261.

The ALJ accorded this opinion "no significant probative value." She found the opinion was "without support from her narrative report," and was inconsistent with her own objective findings as well as the longitudinal medical record, which the ALJ found did not document marked limitations. Tr. 22. The ALJ also found Dr. Islam-Zwart's comments regarding Plaintiff's limited work history and history of incarceration to be beyond the limitations caused by his severe impairments. *Id.*

The Court finds the ALJ's analysis is not supported by substantial evidence. With respect to supportability, the ALJ's discussion of Dr. Islam-Zwart's opinion omits several findings that were supportive of her opinion, such as her observations that Plaintiff was constantly moving and restless, distractible, struggled with focus, and did not wait for instructions to be completed. Tr. 266-67. The Ninth Circuit has noted that psychiatric reports may appear subjective due to the relative imprecision of psychiatric methodology. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Simply because Plaintiff did well on portions of the mental status exam

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 7

does not negate the other abnormal findings, as well as Dr. Islam-Zwart's professional assessments.

The ALJ also took two comments in the report out of context. The ALJ found Dr. Islam-Zwart's reflection on Plaintiff's work history and incarceration to be beyond the limitations caused by Plaintiff's mental impairments. Tr. 22. However, the greater context of the paragraph indicates the doctor was listing these factors as examples of his long history of mood disorder and acting out behaviors. Tr. 267. This formulation is supported by another note that indicates chronic engagement in illegal activity and an inability to sustain consistent work are symptoms of his antisocial personality disorder. Tr. 379. The ALJ also took issue with Dr. Islam-Zwart's finding that Plaintiff indicated difficulty interacting with others despite a page earlier noting he reported to be good at socializing. Tr. 22. The ALJ failed to recount the entire sentence, which reads "He notes that he is good at socializing, *but does not really like to interact with people*." Tr. 266 (emphasis added). The report also documents Plaintiff's problems interacting with others without violence and difficulty controlling his anger. Tr. 264-66. The ALJ's interpretation of the report as being internally inconsistent or unsupported is not supported by substantial evidence.

With respect to consistency, the ALJ failed to discuss the medical opinion's consistency with the rest of the record with any specificity. Tr. 22. The ALJ stated only that the opinion was inconsistent with "the longitudinal medical record, which does not document marked limitations." *Id.* On the previous page of the decision the ALJ noted objective mental status findings that were "largely normal or essentially benign." Tr. 21. However, many of these citations, while including some normal findings, also include abnormal findings. Tr. 294-95 (depressed mood, weak performance on abstract thought and reasoning, insight and judgment outside of normal limits);  279-80 (noting Plaintiff presented as lethargic, guarded, suspicious, rigid, and tense, with rambling speech, poor comprehension, and

tangential/slowed/black and white thoughts); 315 (Plaintiff presenting as fully oriented, but agitated, angry, threatening, combative, and disheveled); 326 (normal mood and fully oriented, but with mildly impaired concentration, judgement, and insight). The ALJ's citation to normal mental status exams during Plaintiff's treatment in the final months leading up to the hearing omits reference to treatment notes where Plaintiff was furious with his treatment providers and cursed at them, stormed out of sessions, and made threats of violence. Tr. 432, 436-37, 441-43, 548. While ALJs obviously must rely on examples to support their findings, the data points they choose must in fact constitute examples of a broader development. *Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014). The Court finds the ALJ's examples do not reflect the record as a whole, which shows repeated instances of Plaintiff's aggression, delusions, difficulty concentrating, and suicidal ideation. Tr. 227, 328, 334, 336-37, 356, 365-66, 373-74, 432, 436-37, 441-43, 543, 548.

Defendant argues the record reflects objective findings throughout that Plaintiff was cooperative and communicated effectively with normal speech, in contrast to Dr. Islam-Zwart's opinion that he had marked limitations in communicating and maintaining appropriate behavior. ECF No. 17 at 12-13. However, the ALJ did not invoke these factors in the context of evaluating Dr. Islam-Zwart's opinion. Tr. 22. The Court is constrained to review only the reasons provided by the ALJ and may not affirm on a ground upon which the ALJ did not rely. *Orn v. Astru*, 495 F.3d 625, 630 (9th Cir. 2007).

Finally, the ALJ did not discuss the consistency between Dr. Islam-Zwart's opinion and various other disabling opinions in the file, including Dr. Burdge's assessment agreeing with Dr. Islam-Zwart's opinion and finding it supported by the available medical evidence. Tr. 307.

The Court therefore finds the ALJ failed to adequately evaluate Dr. Islam-Zwart's opinion in terms of its consistency and supportability, as required by the regulations.

### b. Dr. Burdge

Following Dr. Islam-Zwart's consultative exam, Dr. Aaron Burdge reviewed the available medical evidence for the Department of Social and Health Services. Tr. 307. He reviewed three medical reports from 2008 to 2017. *Id.* He concluded the diagnoses and functional limitations in Dr. Islam-Zwart's opinion were supported by the available objective medical evidence. *Id.*

The ALJ gave no significant probative value to this eligibility determination, noting that Dr. Burdge "had the opportunity to review only a small portion of the medical evidence of record" and had relied on evaluations from well before the adjudicative period. Tr. 22.

While a source's familiarity with the other evidence in the claim is a factor the ALJ may consider (20 C.F.R. § 416.920c(c)(5)), it is not the most relevant factor. The ALJ failed to articulate how she considered the most relevant factors of supportability and consistency, as required by the statute. 20 C.F.R. § 416.920c(b). Defendant argues that because Dr. Burdge reviewed only Dr. Islam-Zwart's opinion (which was sufficiently discounted) and evidence that pre-dated the alleged onset date, the opinion was neither well-supported nor consistent with the record. ECF No. 17 at 13-14. However, the ALJ did not rely on this rationale. Furthermore, the Court finds the ALJ did not adequately discuss Dr. Islam-Zwart's opinion. Therefore, the ALJ erred.

### c. MHLP Grey

Plaintiff's treating counselor, Sa'ovale Grey, completed a medical source statement in November 2018. Tr. 445-47. She opined Plaintiff was markedly impaired in understanding and remembering simple instructions and interacting appropriately with the public, and moderately impaired in understanding and remembering complex instructions and carrying out instructions. Tr. 445-46. She noted that Plaintiff had only met with her agency three times, but had demonstrated

deficiencies in following and/or completing tasks due to his symptoms of PTSD and schizoaffective disorder. Tr. 446.

The ALJ accorded no significant probative weight to this opinion. Tr. 22. The ALJ found the opinion to be unsupported by sufficient objective evidence as Ms. Grey had only recently begun treating Plaintiff, and the ALJ found Ms. Grey's treatment notes to be generally inconsistent with the opinion. *Id.*

While the ALJ offered sufficient analysis of the supportability factor, she failed to articulate how she considered Ms. Grey's opinion in terms of consistency with the evidence from other medical and nonmedical sources, as required by the revised regulations. 20 C.F.R. § 416.920c(b). Therefore, the ALJ erred.

   d. *State agency doctors*

On initial and reconsideration review, state agency doctors offered their opinions regarding Plaintiff's functional abilities. Tr. 79-80, 90-92. They found Plaintiff was capable of simple tasks, and could handle routine social interaction with brief repetitive interactions with the public. *Id.* They found he would work best in a stable, low-pressure setting. *Id.*

The ALJ found these opinions had significant probative value, finding them supported by the longitudinal medical record documenting generally moderate limitations, and consistent with the findings on mental status examinations throughout the period. Tr. 22.

As this claim is being remanded for further consideration of the persuasiveness of other evidence in the file, the ALJ shall also reconsider the state agency doctors' findings and address their supportability and consistency with other evidence in the record.

   e. *Dr. Brown and Dr. Neims*

Plaintiff attended two previous evaluations for the Department of Social and Health Services, in 2008 and 2014. Tr. 272-90, 291-97. The ALJ found each opinion was "too remote in time to be of any significant evidentiary value in

assessing the claimant's functioning from September 15, 2017, the application date, to the present." Tr. 22.

Plaintiff acknowledges that while remote evidence is often not considered relevant, in this case the opinions are consistent with the later evidence and support the notion that Plaintiff's impairments are long-standing and will interfere with his ability to work. ECF No. 13 at 17.

Medical opinions that predate the alleged onset of disability are of limited relevance. *See Fair v. Bowen,* 885 F.2d 597, 600 (9th Cir.1989). Therefore, the ALJ did not err in disregarding this evidence.[3]

**2.    RFC and step five findings**

Plaintiff argues that the RFC finding and subsequent job findings at step 5 are flawed due to the ALJ's improper disregard of the medical evidence. ECF No. 13 at 18-19. As this claim is being remanded for further evaluation of the medical evidence, the ALJ will be required to reassess the RFC and subsequent steps of the sequential evaluation process.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits, as the record is fully developed and there are no further issues to resolve. Defendant argues numerous conflicts exist among the various medical opinions and other evidence precludes crediting any of the opinions as true.

The Court notes that the commentary to the revised regulations specifically indicates that the intent in the new rules was "to make it clear that it is never appropriate under our rules to 'credit-as-true' any medical opinion." *Revisions to*

---

[3] The Court notes that the ALJ did cite to these opinions in finding mental status exams to be largely normal or benign through the adjudicative period. Tr. 21 (citing to Exhibits 1F/20-21, 1F/35-36). On remand, the Court urges the ALJ to be consistent as to whether this evidence has probative value or not.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 12

*Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844, 5858 (Jan. 18, 2017).

In this case, the Court finds that further development is necessary for a proper determination to be made. The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate each of the medical opinions, specifically addressing the persuasiveness of each in compliance with the new regulations. The ALJ shall take into consideration any additional evidence presented and make findings at each of the five steps of the sequential evaluation process.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED, IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED July 27, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE